<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD VAUGHN, et al., : | |
| : | Civ. No. 05-2725 (GEB) |
| Plaintiffs, : | |
| : | **MEMORANDUM OPINION** |
| v. : | |
| : | |
| FLOWSERVE CORPORATION, et al., : | |
| : | |
| Defendants. : | |

<u>**BROWN, Chief Judge**</u>

    This matter comes before the Court upon defendants Flowserve Corporation ("Flowserve") and the Flowserve Corporation Retiree Medical Plan's (collectively "Defendants") motion for amendment of the Court's July 31, 2006 Order or, alternatively, for certification of the order for interlocutory appeal. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Court, having considered the parties' submissions, and for the reasons set forth below, will deny Defendants' motion in all respects.

**I.    BACKGROUND**

    In her May 4, 2006 Report and Recommendation, Magistrate Judge Bongiovanni described in detail the factual background of this case. The Court will not repeat that description, except for those portions that are necessary for this review.

    On May 23, 2005, plaintiffs Donald Vaughn, Malcolm Schinstine, and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("the Union") (collectively "Plaintiffs") filed the Complaint in this action. Plaintiffs asserted several claims against Defendants, including: (1) violation of a labor agreement pursuant to 29 U.S.C. § 185; (2) violation of a retirement plan pursuant to

section 502 of ERISA; and (3) breach of fiduciary duty.  (Compl. ¶¶ 55-66.)  On February 10, 2006, Plaintiffs filed a motion to remit this case to arbitration and stay further discovery.  After the parties fully briefed the matter, on May 4, 2006, Magistrate Judge Bongiovanni issued a Report and Recommendation addressing Plaintiffs' motion ("the Report and Recommendation").  She recommended that Plaintiffs' motion be granted, and that the matter be remitted to arbitration.  (Report and Recommendation at 12.)

On May 19, 2006, Defendants filed an objection to the Report and Recommendation.  After full briefing by the parties, on July 31, 2006, the Court overruled Defendants' objection, adopted the Report and Recommendation, and granted Plaintiffs' motion to remit this case to arbitration and stay further discovery.

On August 15, 2006, Defendants filed the present motion seeking either amendment of the Court's July 31 Order to reflect finality or, alternatively, for certification of the order for interlocutory appeal.  The parties have fully briefed Defendants' motion, and the Court will now address that motion.

II.     DISCUSSION

    A.     **Defendants' Motion to Amend the Court's July 31 Order**

Defendants seek modification of the Court's July 31 Order to reflect finality sufficient for appellate review.  "Ordinarily the proceedings in a district court must be final as to [all the] causes of action and parties for a court of appeals to have jurisdiction over an appeal under 28 U.S.C. § 1291."  *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 476 (3d Cir. 2006).

Whether the July 31 Order is final for purposes of appellate review, however, is a matter for the Court of Appeals to consider.  This Court's characterization of the July 31 Order would not decide the issue of whether the Court of Appeals has jurisdiction to review that order.  *See In re Flat Glass Antitrust Litig.*, 288 F.3d 83, 88 n.5 (3d Cir. 2002) (stating that "we have an 'independent responsibility to examine our own jurisdiction sua sponte'") (quoting *In re Ford*

*Motor Co.*, 110 F.3d 954, 958-59 (3d Cir. 1997)).

Moreover, the Court believes that the July 31 Order should not be considered final for purposes of appellate review. Rather than constitute a final judgment, the July 31 Order merely provides for a stay of further discovery pending arbitration of the parties' dispute. (*See* July 31 Order.) As one Court of Appeals has observed, "a stay [pending arbitration] will not support appellate jurisdiction under 28 U.S.C. § 1291." *Int'l Ass'n of Machinists and Aerospace Workers Local Lodge 2121 AFL-CIO v. Goodrich Corp.*, 410 F.3d 204, 209 (5th Cir. 2005) (holding that the Court of Appeals lacked jurisdiction to review the district court's order that the parties arbitrate their dispute). The Court will therefore deny Defendants' motion to amend the July 31 Order.

B.  **Defendants' Motion for Certification of the Order for Interlocutory Appeal**

"The district court has discretion, pursuant to 28 U.S.C. § 1292(b), to certify issues for interlocutory appeal to the United States Court of Appeals, provided that 'exceptional circumstances' justify the departure from the general rule that appellate review is only available after a final order." *Levine v. United Healthcare Corp.*, 285 F. Supp. 2d 552, 556 (D.N.J. 2003).

To demonstrate exceptional circumstances that would make certification appropriate, "the moving party bears the burden of showing (1) that the order at issue involves a controlling issue of law, which if erroneously decided, would result in reversible error on final appeal, (2) that there is substantial ground for difference of opinion about the resolution of the issue, and (3) that an immediate appeal will materially advance the ultimate termination of litigation." *Id.* at 556-57 (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754-55 (3d Cir. 1974)).

"A motion for certification should not be granted merely because a party disagrees with the ruling of the district judge." *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 282 (E.D. Pa. 1983). "Interlocutory appeal under § 1292(b) is 'used sparingly in exceptional' cases." *Hulmes v. Honda Motor Co., Ltd.*, 936 F. Supp. 195, 208 (D.N.J. 1996) (quoting 16 Charles A. Wright, *et*

3

*al.*, *Federal Practice and Procedure*, § 3929). "An appeal under this section is an exception to the important policy of avoiding 'piecemeal appellate review of trial court decisions which do not terminate the litigation.'" *Id.* (quoting *U.S. v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982)). "[P]ermission to appeal is wholly within the discretion of the courts, even if the [section 1292(b)] criteria are present." *Harter v. GAF Corp.*, 150 F.R.D. 502, 517 (D.N.J. 1993) (internal quotations omitted).

### 1. Controlling Questions of Law

"A question is 'controlling' if its incorrect disposition would require reversal of the final judgment." *Cardona v. Gen. Motors Corp.*, 939 F. Supp. 351, 353 (D.N.J. 1996) (citing *Katz*, 496 F.2d at 755). "Among practical concerns to be considered are saving the time of the district court and minimizing the expense to the litigants." *Harter*, 150 F.R.D. at 518 (citing *Katz*, 496 F.2d at 755.)

This Court's July 31 Order concerned Plaintiffs' motion to remit this case to arbitration. In support of that motion, Plaintiffs argued that a collective bargaining agreement ("CBA") entered into by the parties (or their predecessors) in 1997 ("1997 CBA") controls the dispute underlying this case, and that an arbitration clause contained therein required arbitration of the dispute. (Mem. Op. at 3.) Defendants, meanwhile, argued that a CBA entered into in 2004 ("2004 CBA") controls the dispute, and that while that agreement also contained an arbitration clause, the present dispute is not covered by that provision. (*Id.* at 3-4.) The Court granted Plaintiffs' motion because "[b]oth agreements [] contain the same language concerning arbitration," and that "[r]egardless of whether Plaintiffs' interpretation or Defendants' ultimately prevails, the arbitration clause of the respective CBA would control the current dispute." (*Id.*)

In seeking certification pursuant to section 1292(b), Defendants argue that "[t]he continued viability of [the] 1997 CBA's arbitration provision hinges on two Supreme Court decisions," namely, *Nolde Brothers, Inc. v. Local No. 358, Bakery & Confectionery Workers*

4

*Union*, 430 U.S. 243 (1977), and *Litton Financial Printing Division v. NLRB*, 501 U.S. 190 (1991).  (Defs.' Br. 5.)  According to Defendants, "[b]ecause *Litton Financial* found that courts can order arbitration pursuant to the terms of an expired agreement only after making a finding that the dispute involves a vested right, a controlling question of law exists for appellate review." (*Id.* 5-6.)  Defendants argue that "[t]he Court should therefore certify the Order to permit the Third Circuit to apply *Litton Financial* to determine if the 1997 CBA survives its date of termination and requires arbitration of this matter."  (*Id.* 6.)

That issue, however, is not a controlling matter of law with respect to the July 31 Order. The Court found that regardless of whether the 1997 CBA or the 2004 CBA governs this dispute, arbitration is appropriate because each of the agreements provides for arbitration of the present dispute.  (Mem. Op. at 5.)  Even if Defendants are correct in arguing that the 1997 CBA does not govern this dispute, arbitration would still be appropriate pursuant to the 2004 CBA, such that reversal of the July 31 Order would not be required.  Defendants have therefore failed to make a sufficient showing with respect to this factor.

## 2.     Substantial Grounds for Difference of Opinion

"[A] party's mere disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion' within the meaning of § 1292(b)."  *Cardona*, 939 F. Supp. at 353.  "Rather, the 'difference of opinion' must arise out of genuine doubt as to the correct legal standard."  *Id.*

Defendants argue that there is a substantial ground for difference of opinion because "[t]he Third Circuit has not ruled on *Litton Financial*'s impact where a subsequent collective bargaining agreement voided all earlier agreements and letters of understanding relevant to the contested right."  (Defs.' Br. 6.)  Defendants' argument concerns the application of the arbitration clause contained in the 1997 CBA.  The Court, however, issued its July 31 Order pursuant to the arbitration clauses contained in both the 1997 CBA and the 2004 CBA.  Defendants do not argue

that there is any substantial ground for difference of opinion with respect to the Court's application of the arbitration provision contained in the 2004 CBA.  (*See id.*)  Defendants have therefore failed to make a sufficient showing with respect to this factor as well.

### 3. Material Advancement of the Ultimate Termination of the Litigation

A party seeking certification must demonstrate that an immediate appeal "may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b).  "The purpose of section 1292(b) is 'to permit decision of legal issues as to which there is considerable question without requiring the parties first to participate in a trial that may be unnecessary . . . .'" *Harter*, 150 F.R.D. at 518 (citations omitted).  "Typically, section 1292(b) is applied in situations where, if the trial court decision were reversed on appeal, the litigation would then end." *Id.* (citations omitted).

Defendants fail to explain how denial of Plaintiffs' motion to remit this case to arbitration would advance this litigation.  Even if Defendants are correct in arguing that arbitration in this case is inappropriate, the parties would nonetheless incur expenses in litigating this case, albeit before this Court instead of an arbitrator.  Defendants therefore fail to make a sufficient showing with respect to this factor.

### III. CONCLUSION

For the above reasons, the Court denies Defendants' motion in its entirety.  An appropriate form of order is filed herewith.


Dated: November 6, 2006

                                    s/ Garrett E. Brown, Jr.
                                    GARRETT E. BROWN, JR., U.S.D.J.